Fill in this information to identify your case:

| | |
|---|---|
| Debtor 1 | **Felicia Jynece Mitchell** |
| | First Name    Middle Name    Last Name |
| Debtor 2 | |
| (Spouse, if filing) | First Name    Middle Name    Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** |
| Case number: | **21-00531-jw** |
| (If known) | |

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☑ Post-confirmation modification
**Sections 1.3, 2.1, 3.3, 3.5, 8.1**

District of South Carolina
## Chapter 13 Plan

5/19

### Part 1:  Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☑ Included | ☐ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☐ Included | ☑ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

### Part 2:  Plan Payments and Length of Plan

2.1    The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$910.00** per **Month** for **9** months
**$0.00** per **Month** for **2** months
**$910.00** per **Month** for **10** months
**$800.00** per **Month** for **38** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

*FM*

| Debtor | Felicia Jynece Mitchell | Case number | 21-00531-jw |
|---|---|---|---|

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2  Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☑ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ☑ None. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3: Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1  Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ☑ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2  Request for valuation of security and modification of undersecured claims.** *Check one.*

- ☑ None. If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3  Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*
- ☐ None. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
- ☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|

| Debtor | Felicia Jynece Mitchell | | Case number | 21-00531-jw | |
|---|---|---|---|---|---|
| **Name of Creditor** | **Collateral** | **Estimated amount of claim** | **Interest rate** | **Estimated monthly payment to creditor** | |
| Santander Consumer USA | 2015 Ford F150 95,756 miles VIN: 1FTEW1C86FFA66375 (This property is jointly held w/Travis Bown.) | $29,547.00 | 5.25% | $586.81 (or more) Disbursed by: ☑ Trustee ☐ Debtor | |

*Insert additional claims as needed.*

**3.4    Lien avoidance.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked*

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| Credit Central Household Items | $1,078.00 | $0.00 | $300.00 SC Code Section 15-41-30(A)(3) | $300.00 | $0.00 | $1,078.00 |
| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
| Security Finance Household Items | $767.00 | $0.00 | $600.00 SC Code Section 15-41-30(A)(3) | $600.00 | $0.00 | $767.00 |
| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |



| Debtor | Felicia Jynece Mitchell | | | Case number | 21-00531-jw | |
|---|---|---|---|---|---|---|

| | | | | | | |
|---|---|---|---|---|---|---|
| Security Finance | | | $600.00 SC Code Section | | | |
| Household Items | $760.00 | $0.00 | 15-41-30(A)(3) | $600.00 | $0.00 | $760.00 |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| -NONE- | | | | | | | |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

☑ The debtor elects to surrender the collateral that secures the claim of the creditor listed below. The debtor requests that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. A copy of this plan must be served on all co-debtors. Any creditor who has filed a timely proof of claim may file an amended proof of claim itemizing the deficiency resulting from the disposition of the collateral within a reasonable time after the surrender of the property. Any such amended claim, if allowed, will be treated in Part 5.1 below.

| Name of Creditor | Collateral |
|---|---|
| Low Country Credit Inc | 2015 Nissan Sentra 77,718 miles<br>VIN: 3N1AB7AP3FY350629<br><br>(This property is jointly held w/Courtney N. Harrison, the debtor's daughter.) |
| Auto Money Title Loans | 2008 Chrysler 300 |

*Insert additional claims as needed.*

**Part 4:    Treatment of Fees and Priority Claims**

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a. The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining

| Debtor | **Felicia Jynece Mitchell** | Case number | **21-00531-jw** |
|---|---|---|---|

        each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

☐   **Domestic Support Claims.** 11 U.S.C. § 507(a)(1):

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
☑   **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

---

**Part 5:**    **Treatment of Nonpriority Unsecured Claims**

**5.1**    **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☐ The debtor estimates payments of less than 100% of claims.
☑ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑   **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one.*

☑   **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

---

| Debtor | **Felicia Jynece Mitchell** | Case number | **21-00531-jw** |
|---|---|---|---|

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**
☑ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.***

FM

| Debtor | **Felicia Jynece Mitchell** | Case number | **21-00531-jw** |
|---|---|---|---|

## Part 9: Signatures:

**9.1  Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X  _/s/ Felicia Mitchell_
**Felicia Jynece Mitchell**
Signature of Debtor 1

Executed on  _12-9-22_

X  _/s/ Robert R. Meredith, Jr._
Robert R. Meredith, Jr. 6152
Robert R. Meredith, Jr., D.C. ID#06152
rm@meredithlawfirm.com
Elizabeth R. Heilig, D.C. ID#10704
eheilig@meredithlawfirm.com
Meredith Law Firm, LLC
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000 (p)
843-529-9907 (f)

X  _____
Signature of Debtor 2

Executed on  _____

Date  _12/09/2022_

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

IN RE: )
)  CASE NO. 21-00531-eg
Felicia Jynece Mitchell )
)  CHAPTER 13
DEBTOR. )
)

## CERTIFICATE OF SERVICE

The above-signing parties certify that the foregoing Notice of Plan Modification After Confirmation, Amended Plan and Motions were served on all creditors and parties in interest entitled to such notice on the above stated date. The specific list of names and addresses of parties served with this plan is attached to the plan filed with the Court.

**ELECTRONICALLY**
James M. Wyman, Esq.
Chapter 13 Trustee

US Trustee Region 4
1835 Assembly Street #953
Columbia, SC 29201-2448

**VIA US MAIL**
(see attached list)

Auto Money, Inc.
Attn: Bankruptcy
450B Meeting Street
Charleston, SC 29403

Date: 12/20/22

Kristen E. Buck, Legal Assistant to
Robert R. Meredith, Jr., DC ID #6152
rm@meredithlawfirm.com
Elizabeth R. Heilig, DC ID #10704
eheilig@meredithlawfirm.com
Meredith Law Firm, LLC
Attorneys for Debtor
4000 Faber Place Drive, Suite 120
North Charleston, SC 29405
843-529-9000
843-529-9907(f)

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-2<br>Case 21-00531-eg<br>District of South Carolina<br>Charleston<br>Mon Dec 19 16:09:06 EST 2022 | Advance Recovery Systems<br>PO Box 80766<br>Valley Forge PA 19484-0766 | American Infosource, LP<br>PO Box 248838<br>Oklahoma City OK 73124-8838 |
| Arrow Financial Services<br>11715 Fox Road, Suite 400-225<br>Indianapolis, IN 46236-8421 | Ashley Funding Services<br>c/o Resurgent Capital<br>PO Box 10587<br>Greenville SC 29603-0587 | Auto Money Title Loans<br>102 Red Bank Road<br>Goose Creek, SC 29445-6501 |
| BERKELEY COMMUNITY FEDERAL CREDIT UNION<br>600 MAIN STREET EXT<br>MONCKS CORNER  SC 29461-3939 | Berkeley Community FCU<br>PO Box 1769<br>Moncks Corner SC 29461-1769 | Berkeley County Tax Collector<br>PO Box 6122<br>Moncks Corner SC 29461-6120 |
| Paul W. Bradley<br>Bradley Law Firm, LLC<br>6 Carriage Lane, Suite A<br>Charleston, SC 29407-6010 | CCI Contract Callers, Inc.<br>PO Box 2207<br>Augusta GA 30903-2207 | Cab Collection Agency<br>5640 Rivers Ave<br>North Charleston SC 29406-6027 |
| Carolina Car Credit<br>1016 North Main Street<br>Summerville SC 29483-6707 | Cash Credit Co.<br>1672 North Main Street<br>Suite 11<br>Summerville SC 29486-7811 | Check Into Cash<br>1625 N Main St., Suite 104<br>Summerville, SC 29486-7864 |
| Check N Go<br>7755 Montgomery Rd Ste 400<br>Cincinnati OH 45236-4197 | Courtney N. Harrison<br>118 Isaac Abby Court<br>Goose Creek SC 29445-7836 | Credit Central<br>700 West Market Street<br>Johnson City TN 37604-5460 |
| Designed Receivable Solutions<br>1 Centerpointe Drive<br>Suite 450<br>La Palma CA 90623-1089 | Elizabeth R. Heilig<br>Meredith Law Firm, LLC<br>4000 Faber Place Drive<br>Suite 120<br>North Charleston, SC 29405-8585 | Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia PA 19101-7346 |
| Lowcountry Credit, Inc.<br>c/o Paul W. Bradley, Esquire<br>6 Carriage Lane, Ste. A<br>Charleston, SC 29407-6010 | Lowcountry Credit, Inc.<br>9570 Highway 78, Suite 102<br>Ladson, SC 29456-3911 | Robert R. Meredith Jr.<br>4000 Faber Place Drive<br>Suite 120<br>N. Charleston, SC 29405-8585 |
| Meredith Law Firm, LLC<br>4000 Faber Place Drive<br>Suite 120<br>North Charleston SC 29405-8585 | Felicia Jynece Mitchell<br>118 Isaac Abby Court<br>Goose Creek, SC 29445-7836 | (p)SOUTHERN MANAGEMENT<br>PO BOX 1947<br>GREENVILLE SC 29602-1947 |
| Regional Finance of Summerville<br>1525 Old Trolley Road, Ste 3A<br>Summerville SC 29485-8943 | Rent A Center<br>1317 N Main Street<br>Summerville SC 29483-7342 | (p)SOUTH CAROLINA DEPARTMENT OF REVENUE<br>OFFICE OF THE GENERAL COUNSEL - BANKRUPTCY SE<br>300A OUTLET POINTE BLVD<br>COLUMBIA SC 29210-5666 |

SC Federal Credit Union
PO Box 190012
North Charleston SC 29419-9012

Santander Consumer USA
Attn: Bankruptcy
Po Box 961245
Fort Worth TX 76161-0244

Santander Consumer USA Inc.
PO Box 560284
Dallas, TX 75356-0284

Security Finance
4365 Dorchester Road, Ste 103
North Charleston SC 29405-8422

Security Finance
Attn: Bankruptcy
Po Box 1893
Spartanburg SC 29304-1893

Synergy Acceptance Corp
110 Londonderry Court Ste 136
Woodstock GA 30188-7352

Tea Olive, LLC
PO BOX 1931
Burlingame, CA 94011-1931

Titlemax TMX Finance, LLC
15 Bull Street, Suite 200
Savannah GA 31401-2686

Travis Brown
2687 Orchid Ave
North Charleston SC 29405-6856

US Trustee's Office
Strom Thurmond Federal Building
1835 Assembly Street
Suite 953
Columbia, SC 29201-2448

United Acceptance Inc
P.O. Box 723065
Atlanta, GA 31139-0065

James M. Wyman
PO Box 997
Mount Pleasant, SC 29465-0997

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Quick Credit
4365 Dorchester Road
Suite 109
North Charleston SC 29405

SC Department of Revenue
PO Box 12265
Columbia SC 29211

End of Label Matrix
Mailable recipients    41
Bypassed recipients     0
Total                  41